**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**CIVIL ACTION NO. 06-261-JBC**

**BIGE BOWLING,**                                                                                   **PLAINTIFF,**

**V.**                                       **MEMORANDUM OPINION AND ORDER**

**MICHAEL J. ASTRUE, COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION,**                                       **DEFENDANT.**

**\* \* \* \* \* \* \* \* \* \***

The plaintiff, Bige Bowling, brought this action pursuant to 42 U.S.C.

§ 405(g) to obtain judicial review of an administrative decision of the

Commissioner.  The court, having reviewed the record and being otherwise

sufficiently advised, will deny the plaintiff's motion for summary judgment (DE 8)

and grant the Commissioner's motion for summary judgment (DE 9).

**I.      Background**

The plaintiff "alleges that he became disabled on April 15, 2002, due to back

pain, neck pain, bilateral leg pain, hernia, bilateral elbow pain and stomach

problems."  (DE 8-2 at 2.)  A formal hearing on the plaintiff's application for

Disability Insurance Benefits and Supplemental Security Income payments was held

before an administrative law judge ("ALJ") on November 29, 2005, in Lexington,

Kentucky.  The ALJ denied the plaintiff's application, a decision which was upheld

by the Appeals Council, and the plaintiff then filed this application for judicial

review.

Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the ALJ employed the proper legal standards. *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). The court does not try the case *de novo* or resolve conflicts in the evidence; it also does not decide questions of credibility. *Id.* Rather, the ALJ's decision must be affirmed if it is supported by substantial evidence, even if the court might have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip*, 25 F.3d at 286.

In determining disability, the ALJ conducts a five-step analysis. At Step 1, the ALJ considers whether the claimant is performing substantial gainful activity; at Step 2, the ALJ determines if one or more of the claimant's impairments are "severe"; at Step 3, the ALJ analyzes whether the claimant's impairments, singly or in combination, meet or equal a listing in the Listing of Impairments; at Step 4, the ALJ determines whether or not the claimant can perform his past relevant work; and, finally, at Step 5 – the step at which the burden of proof shifts to the Commissioner – the ALJ determines, once it is established that the claimant cannot perform his past relevant work, whether significant numbers of other jobs exist in the national economy which he can perform. *See Preslar v. Sec'y of Health &*

2

*Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

## II.    The ALJ's Determination

At Step 1, the ALJ found that the plaintiff has not engaged in substantial gainful activity since the alleged onset of disability.  (R. at 25.)  At step two, the ALJ found that the plaintiff's impairments should be considered "severe" based on the standards set forth in 20 C.F.R. §§ 404.1520(c) and 416.920(c), but at Step 3, the ALJ found that the plaintiff's impairments "do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4."  *Id.*  At Step 4, the ALJ found that the plaintiff's nonexertional limitations prevent him from performing his past relevant work as a heating and air conditioning technician and a maintenance supervisor, and the ALJ further found that the plaintiff has no transferable skills from this past relevant work, based on the testimony of a vocational expert.  *Id.* at 24-26.  At Step 5, the ALJ found that the plaintiff "is capable of performing a significant range of medium work as defined in 20 CFR §§ 404.1567 and 416.967."  *Id.* at 24.  More specifically, the ALJ found that the plaintiff could work at assembly jobs, cashier jobs, and production laborer jobs.  *Id.* at 25-26.  Therefore, the ALJ concluded that the plaintiff "was not under a 'disability,' as defined in the Social Security Act, at any time through the date of this decision."  *Id.* at 26.  The ALJ also found that the plaintiff's allegations "are not totally credible based on the objective evidence."  *Id.* at 23, 26.

## III.    Analysis

3

The plaintiff argues that the ALJ's conclusions were not supported by substantial evidence because the ALJ failed to give sufficient deference to the conclusions of his treating physicians. More specifically, he argues that "[t]he treating physican(s) have been completely ignored for purposes of the Administrative Law Judge decision." (DE 8-2 at 9.) Citing *Walker v. Secretary of Health & Human Services*, 980 F.2d 1066 (6th Cir. 1992), the plaintiff also argues that the ALJ erred by failing to consider the cumulative effect of his impairments when assessing his residual functional capacity. The court will consider each argument in turn.

**A.     The Plaintiff's Treating Physicians**

An opinion rendered by a "treating physician" is usually entitled to "substantial deference" so long as it is supported by objective medical evidence, although the ALJ is not necessarily bound by that opinion. *Jones v. Comm'r of Social Sec.*, 336 F.3d 469, 477 (6th Cir. 2003). Provided that the ALJ "sets forth a reasoned basis for [the] rejection[,]" *Jones*, 336 F.3d at 477, the ALJ may reject the treating physician's opinion if it is inconsistent with other evidence in the record. *Warner v. Comm'r of Social Sec.*, 375 F.3d 387, 390-91 (6th Cir. 2004) (concluding that "it was proper for the administrative law judge to disregard" certain conclusions of a treating physician because the treating physician's conclusions were "inconsistent with the substantial evidence in the record indicating otherwise").

4

Although the plaintiff alleges that the ALJ "ignored" the opinions of his treating physicians, the ALJ expressly considered and rejected the opinions of two of his treating physicians, Drs. Gilbert and Templin.  More specifically, the ALJ correctly rejected the opinion of Dr. Gilbert because "it is not supported by any objective medical evidence, evaluation or treatment notes."  (R. at 23.)  The ALJ also rejected Dr. Templin's assessment after finding that it "is not supported by any significant medical testing and further is inconsistent with other substantial evidence of record."[1]  (R. at 23.)  Moreover, the opinions of both of these two treating physicians are inconsistent with additional substantial evidence in the record.  For example, the ALJ's conclusion was based in part upon "the opinions of the State Agency physicians and psychologists who found that the claimant could perform medium exertional work and that his mental impairments cause only mild limitations in concentration, persistence or pace."[2]  *Id.*  The ALJ also relied upon

---

[1]  Although Dr. Templin's opinion, unlike Dr. Gilbert's opinion, is accompanied by objective medical evidence, this evidence tends to contradict Dr. Templin's conclusions.  For example, the examination of the plaintiff's spine finds only "minimal chronic disc degeneration noted at the C5-6 level.  No fracture or dislocation is seen.  Otherwise unremarkable."  (R. at 238.)

[2]  As the ALJ noted, the plaintiff "has never sought or been referred for any mental health treatment."  (R. at 22.)  Instead, his claim of psychological disability is based entirely on a 2005 form submitted by Dr. Ramezanhkani, who stated that the plaintiff, then allegedly a patient at Pain Management Medicine, should be excused from jury duty because he was being prescribed pain medications which were "mind altering and may lead to short term inability to make rational decisions."  (DE 8-2 at 8.)  In rejecting the plaintiff's claims of psychological disability, the ALJ correctly relied upon the consultative psychological evaluation of Dr. Hundley, Ph.D., who found that the plaintiff "did not seem to put forth his best effort on the mental status evaluation" and that his "presentation did not suggest a

the assessment of a treating orthopedist named Dr. Ryan, who determined that the plaintiff had only a "1 percent permanent functional impairment . . . with no significant long term restrictions." *Id.* at 19.  Because the opinions of Drs. Gilbert and Templin are inconsistent with the substantial evidence in the record, the ALJ provided a reasoned basis for his rejection of their opinions.

### B.    The Cumulative Effect of the Plaintiff's Impairments

"An ALJ's individual discussion of multiple impairments does not imply that he failed to consider the effect of the impairments in combination," where, as here, "the ALJ specifically refers to a 'combination of impairments' in finding that the plaintiff" is not disabled.  *Loy v. Sec'y of Health & Human Servs.*, 901 F.2d 1306, 1310 (6th Cir. 1990) (quoting *Gooch v. Sec'y of Health & Human Servs.*, 833 F.2d 589, 591-92 (6th Cir. 1987)).  In *Walker*, on which the plaintiff relies, the ALJ failed to meet this standard by "fail[ing] to consider the combined effect of both impairments on [a claimant's] ability to function," as required by 20 C.F.R. § 404.1523.  980 F.2d at 1071 (citing 20 C.F.R. § 404.1523).  Unlike the ALJ in *Walker*, the ALJ in this matter complied with the standard discussed in *Loy* and *Gooch* because he expressly found that the plaintiff's impairments "are 'severe' within the meaning of the Regulations but not 'severe' enough to meet or medically equal, *either singly or in combination*, one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4."  (R. at 22 (emphasis added).)   Because the ALJ's

_____

mental health reason which would prevent him from being employed."  (R. at 22.)

6

decision was supported by substantial evidence in the record, and because the

ALJ's decision met the standard set forth in *Walker*, *Loy*, and elsewhere, the court

will not disturb it.   Accordingly,

      **IT IS ORDERED** that the plaintiff's motion for summary judgment (DE 8) is

**DENIED**.

      **IT IS FURTHER ORDERED** that the Commissioner's motion for summary

judgment (DE 9) is **GRANTED.**



      Signed on May 3, 2007

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY